MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MANUEL ALBERTO NICOLAS,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiff,* | |
| | **COLLECTIVE ACTION UNDER** |
| -against- | **29 U.S.C. § 216(b)** |
| | |
| 701 DELI INC. (d/b/a 701 DELI), FOUAD | **ECF Case** |
| HIZAM MUSAID, ABDULLAH DOE, and | |
| MAKI DOE | |
| | |
| *Defendants.* | |

--------------------------------------------------------X


　　Plaintiff Manuel Alberto Nicolas,  individually and on behalf of others similarly situated

(collectively, "Plaintiff Nicolas"), by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against 701 Deli Inc. (d/b/a 701 Deli) ("Defendant

Corporation"), Fouad Hizam Musaid, Abdullah Doe, and Maki Doe, alleges as follows:



## NATURE OF THE ACTION

　　1.　　Plaintiff Nicolas is a former employee of defendants 701 Deli Inc. (d/b/a 701

Deli), Fouad Hizam Musaid, Abdullah Doe, and Maki Doe (collectively, "Defendants").

2.      Defendants own, operate, or control a Deli located at 701 Malcolm X Blvd., New York, New York 10039 under the name 701 Deli.

3.      Upon information and belief, individual defendants Fouad Hizam Musaid, Abdullah Doe, and Maki Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiff Nicolas was employed as a general assistant.

5.      At all times relevant to this Complaint, Plaintiff Nicolas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Nicolas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Nicolas the required "spread of hours" pay for any day in which he worked over 10 hours per day.

8.      Defendants' conduct extended beyond Plaintiff Nicolas to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nicolas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Nicolas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Nicolas seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Nicolas' state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Deli located in this district. Further, Plaintiff Nicolas was employed by Defendants in this district.

## THE PARTIES

*Plaintiff Nicolas*

14.     Plaintiff Manuel Alberto Nicolas ("Plaintiff Nicolas" or "Mr. Nicolas") is an adult individual residing in Bronx County, New York.

- 3 -

15.     Plaintiff Nicolas was employed by Defendants from approximately 2001 until on or about 2003, from approximately 2006 until on or about late July 2015, and from approximately September 2015 until on or about June 28, 2016.

16.     Plaintiff Nicolas consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control a Deli located at 701 Malcolm X Blvd., New York, N.Y. 10039 under the name "701 Deli."

18.     Upon information and belief, 701 Deli Inc. (d/b/a 701 Deli) is a domestic corporation organized and existing under the laws of the State of New York.

19.     Upon information and belief, Defendant Corporation has its principal place of business at 701 Malcolm X Blvd., New York, New York, 10039, and its corporate headquarters at the same address.

20.     Defendant Fouad Hizam Musaid, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

21.     Defendant Fouad Hizam Musaid is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

22.     Defendant Fouad Hizam Musaid possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

23. Defendant Fouad Hizam Musaid determined the wages and compensation of the employees of Defendants, including Plaintiff Nicolas, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24. Defendant Abdullah Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

25. Defendant Abdullah Doe is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

26. Defendant Abdullah Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

27. Defendant Abdullah Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Nicolas, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28. Defendant Maki Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

29. Defendant Maki Doe is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

30. Defendant Maki Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

31. Defendant Maki Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Nicolas, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

# FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

32.     Defendants operate a Deli located in the Harlem section of Manhattan in New York City.

33.     The individual defendants, Fouad Hizam Musaid, Abdullah Doe, and Maki Doe possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

34.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.     Each Defendant possessed substantial control over Plaintiff Nicolas (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Nicolas, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff Nicolas (and all similarly situated employees) and were Plaintiff Nicolas (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiff Nicolas and/or similarly situated individuals.

38.     Upon information and belief, individual defendants Fouad Hizam Musaid, Abdullah Doe, and Maki Doe operate Defendant Corporation as either an alter ego of themselves

and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b.   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.   transferring assets and debts freely as between all Defendants,

    d.   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.   operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

    f.   intermingling assets and debts of their own with Defendant Corporation,

    g.   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h.   other actions evincing a failure to adhere to the corporate form.

39.    At all relevant times, Defendants were Plaintiff Nicolas' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Nicolas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Nicolas services.

40.    In each year from 2010 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

- 7 -

41.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiff*

42.     Plaintiff Nicolas is a former employee of Defendants who was employed as a general assistant.

43.     Plaintiff Nicolas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Manuel Alberto Nicolas*

44.     Plaintiff Nicolas was employed by Defendants from approximately 2001 until on or about 2003, from approximately 2006 until on or about late July 2015, and from approximately September 2015 until on or about June 28, 2016.

45.     Defendants employed Plaintiff Nicolas as a general assistant.

46.     Plaintiff Nicolas' work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Nicolas regularly worked in excess of 40 hours per week.

48.     From approximately September 2010 until on or about late July 2015, Plaintiff Nicolas worked from approximately 7:00 a.m. until on or about 7:00 P.M. Mondays through Saturdays (typically 72 hours per week).

49.     From approximately September 2015 until on or about June 28, 2016, Plaintiff Nicolas worked from approximately 7:00 a.m. until on or about 5:00 P.M. Mondays through Saturdays (typically 60 hours per week).

50.     Throughout his employment with defendants, Plaintiff Nicolas was paid his wages in cash.

51.     From approximately September 2010 until on or about 2012, defendants paid Plaintiff Nicolas a fixed salary of approximately $60 per day.

52.     From approximately 2012 until on or about 2014, defendants paid Plaintiff Nicolas a fixed salary of approximately $65 per day.

53.     From approximately 2014 until on or about late July 2015, defendants paid Plaintiff Nicolas a fixed salary of approximately $85 per day.

54.     From approximately September 2015 until on or about June 28, 2016, defendants paid Plaintiff Nicolas a fixed salary of approximately $100 per day.

55.     Plaintiff Nicolas' pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56.     Defendants did not grant Plaintiff Nicolas any breaks or meal period of any kind.

57.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Nicolas regarding overtime and wages under the FLSA and NYLL.

58.     Plaintiff Nicolas was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

59.     Furthermore, Defendants never provided Plaintiff Nicolas with a statement of wages with each payment of wages, as required by NYLL 195(3).

60.     Defendants never gave any notice to Plaintiff Nicolas, in English and in Spanish (Plaintiff Nicolas' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

61.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nicolas (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

62.     Plaintiff Nicolas was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63.     Defendants' pay practices resulted in Plaintiff Nicolas not receiving payment for all his hours worked, resulting in Plaintiff Nicolas' effective rate of pay falling below the required minimum wage rate.

64.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Nicolas by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

65.     Plaintiff Nicolas was paid his wages entirely in cash.

66.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

67.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Nicolas (and similarly situated individuals) worked, and to avoid paying Plaintiff Nicolas properly for his full hours worked.

68.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

69.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Nicolas and other similarly situated current and former employees.

70.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

71.     Defendants failed to provide Plaintiff Nicolas and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.     Defendants failed to provide Plaintiff Nicolas and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.     Plaintiff Nicolas brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

74.     At all relevant times, Plaintiff Nicolas, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

75.     At all relevant times, Plaintiff Nicolas, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

76.     At all relevant times, Plaintiff Nicolas, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

77.     The claims of Plaintiff Nicolas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

78.     Plaintiff Nicolas repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Nicolas' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Nicolas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

80.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Nicolas at the applicable minimum hourly rate.

83.     Defendants' failure to pay Plaintiff Nicolas at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Nicolas was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

85.     Plaintiff Nicolas repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Nicolas overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Nicolas, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Nicolas was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

89.     Plaintiff Nicolas repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Nicolas' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Nicolas, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

91.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Nicolas less than the minimum wage.

92.     Defendants' failure to pay Plaintiff Nicolas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Nicolas was damaged in an amount to be determined at trial.

- 14 -

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

94.     Plaintiff Nicolas repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Nicolas overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants failed to pay Plaintiff Nicolas in a timely fashion, as required by Article 6 of the New York Labor Law.

97.     Defendants' failure to pay Plaintiff Nicolas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Nicolas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

99.     Plaintiff Nicolas repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants failed to pay Plaintiff Nicolas one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Nicolas spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

- 15 -

101.    Defendants' failure to pay Plaintiff Nicolas an additional hour's pay for each day Plaintiff Nicolas spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

102.    Plaintiff Nicolas was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

103.    Plaintiff Nicolas repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to provide Plaintiff Nicolas with a written notice, in English and in Spanish (Plaintiff Nicolas' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105.    Defendants are liable to Plaintiff Nicolas in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

106.    Plaintiff Nicolas repeats and realleges all paragraphs above as though set forth fully herein.

107.    With each payment of wages, Defendants failed to provide Plaintiff Nicolas with

a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108.    Defendants are liable to Plaintiff Nicolas in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicolas respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Nicolas (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Nicolas (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Nicolas' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Nicolas (including the prospective collective class members);

(f)     Awarding Plaintiff Nicolas (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Nicolas (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Nicolas;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Nicolas;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Nicolas;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Nicolas' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Nicolas;

(m)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Nicolas and the members of the FLSA Class;

(n)     Awarding Plaintiff Nicolas damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)     Awarding Plaintiff Nicolas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Nicolas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Nicolas (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Nicolas (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Nicolas demands a trial by jury on all issues triable by a jury

Dated: New York, New York
        September 30, 2016

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:      /s/ Michael Faillace
                                 Michael Faillace [MF-8436]
                                 MICHAEL FAILLACE & ASSOCIATES, P.C.
                                 Michael A. Faillace [MF-8436]
                                 60 East 42nd Street, suite 2540
                                 New York, New York 10165
                                 Telephone: (212) 317-1200
                                 Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 26, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Manuel Alberto Nicolas**

                                        Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                        26 de septiembre de 2016

Date / Fecha:

*Certified as a minority-owned business in the State of New York*