UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL ALBERTO NICOLAS, *individually and on behalf of others similarly situated*,

Plaintiff,

– against –

701 DELI INC. (d/b/a 701 DELI), FOUAD HIZAM MUSAID, ABDULLAH MUSAID, and MAKI DOE,

Defendants.

**OPINION AND ORDER**

16 Civ. 7699 (ER)

Ramos, D.J.:

On September 30, 2015, plaintiff Manuel Alberto Nicolas brought the above-captioned action against 701 Deli Inc. (d/b/a 701 Deli), Fouad Hizam Musaid, Abdullah Musaid, and Maki Doe (collectively, "Defendants") for failure to pay overtime compensation, failure to pay overtime premiums, failure to pay a wage higher than the statutory minimum, and failure to furnish accurate wage statements and notices in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Doc. 1. Nicolas has submitted an application for the Court to approve the parties' Settlement Agreement (the "Agreement"). Doc. 70. For the reasons set forth below, the application is DENIED.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited

> to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

## I. THE SETTLEMENT AMOUNT AND FEES

The Agreement provides for a total settlement of $50,000. Agreement ¶ 1. The Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement. Counsel's estimated range of recovery was about $143,000. Doc. 70 at 2. Although the settlement is only about one-third of the maximum recovery, Nicolas' counsel indicates that "conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on" Nicolas together suggest that this settlement is fair and reasonable. Doc. 70 at 3. The Court agrees, especially in light of the fact that the parties were prepared to go to trial within a week of when they reported a settlement in principle to the Court.

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the proposed settlement agreement, Nicolas' attorneys will retain $16,666.67 — one-third of the total settlement amount. In line with the requirements for FLSA settlement approval in this Circuit, Nicolas' counsel has submitted billing records detailing the type of work performed and hours logged by each attorney

or staff member in this matter so that the Court may calculate reasonable fees under the "lodestar" method. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney." (internal quotation marks and citations omitted)); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of plaintiff's request for fees of one-third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, *i.e.* the lodestar method).

Here, Plaintiff's counsel's lodestar calculation is $8745.00 and $1366.00 in costs for a total of $10,111.00. Doc. 70, Ex. 3. This work includes drafting court documents, calculating damages, attending mediation, trial preparation, and settlement negotiations. The total amount of hours billed by all individuals is 29.95 hours. *Id.* The Court is satisfied with the billing rates that counsel assigned to each biller and the number of hours spent for each task.[1] Based on these sums, the Court finds that the requested attorneys' fees and costs of $16,667, one-third of the settlement, are objectively reasonable.

## II. THE RELEASE PROVISIONS

The Agreement, however, contains a provision preventing Nicolas from "opt[ing]-in to any current or future lawsuit against Defendants alleging violations of the FLSA and [requiring him to] also affirmatively opt-out of any current or future lawsuit against Defendants alleging violations of the New York Labor law." Agreement ¶ 6(b). Although class action releases in this

---

[1] The lodestar amount was calculated at a rate of $400 an hour for attorney Michael Faillace, $175 an hour for attorney Sara Isaacson, $350 an hour for attorney Paul Hershan, $200 an hour for attorney Marisol Santos, and $100 an hour for "PL" (presumably a paralegal), who performed miscellaneous research.

Circuit, "may include claims not presented and even those which could not have been presented," they may only do so when "the released conduct arises out of the identical factual predicate as the settled conduct." *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting *Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107 (2d Cir. 2005)).

Paragraph 6(b) does not limit the class action release to actions relating to matters raised in this claim. Therefore, the release is a "highly restrictive . . . provision[] . . . in strong tension with the remedial purposes of the FLSA." *Cheeks*, 796 F.3d at 206 (internal quotations marks and citations omitted). The Court will not approve an overbroad release that purports to "erase all liability whatsoever"; a proper release in a FLSA case can only "waive[] claims relating to the existing suit."[2] *Id.*

## III. CONCLUSION

The Court will not approve the Agreement as currently written. The parties may proceed in one of the following ways:

1. File a revised settlement agreement on or before **October 30, 2019** that relates any class action or other release to the factual predicate of this lawsuit, and that removes or tailors the release provisions as described in this Order;

2. File a joint letter on or before **October 30, 2019** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated: October 17, 2019
       New York, New York

                                                      Edgardo Ramos, U.S.D.J.

---

[2] A proper release cannot "extend[] beyond the *claims at issue in this action*." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (emphasis added).